UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60079-BLOOM/Valle

PURE FRESH, LLC,

    Plaintiff,

v.

LIAISON CAN./U.S. LOGISTICS
(USA) CORP., GEORGE SHOIF,
YVES D'AMOURS, MARIA DE LUCA,
DINO DE LUCA, and TONY GALUPPO,

    Defendants.
    _____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff Pure Fresh, LLC's ("Plaintiff") Motion for Rehearing and Reconsideration of Order Denying Motion for Entry of Default Judgment, ECF No. [22], (the "Motion"), filed on April 12, 2019. The Court has carefully reviewed the Motion, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

Plaintiff commenced this case by filing its Complaint, ECF No. [1], in which it asserts claims for violations of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.* ("PACA"), breach of contract, breach of fiduciary duty, and disgorgement. On March 23, 2019, three of the Defendants, Liaison Can./U.S. Logistics (USA) Corp., Yves D'Amours, and Maria De Luca ("Defaulted Defendants"), failed to timely respond to the Complaint, and Plaintiff sought and obtained clerk's defaults against them. *See* ECF No. [13]. Thereafter, Plaintiff filed its motion for default judgment with respect to the Defaulted Defendants, ECF No. [15], which the Court denied without prejudice as premature. This was because two of the remaining Defendants had not

yet been served, and a response was not yet due from Defendant Shoif. *See* ECF No. [16] ("Order"). Based upon the Complaint, the Court determined that there could be a possibility of inconsistent liability.[1] In the instant Motion, Plaintiff seeks reconsideration of the Order, arguing that there is no possibility of inconsistent liability in this case.

A motion for reconsideration requests that the Court grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall,* 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam)).

Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x. 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). A motion for reconsideration "is not an opportunity for the moving party . . . to

---

[1] The Court notes in addition that Defendants D'Amours and Maria De Luca have moved to set aside the clerk's defaults entered against them. ECF No. [23].

instruct the court on how the court 'could have done it better' the first time." *Hood*, 300 F. App'x at 700 (citation omitted).

The Motion fails to address any of the three potential grounds justifying reconsideration and therefore fails to set forth any ground warranting reconsideration. Moreover, where there are multiple defendants and allegations of joint and several liability, as in this case, *see* ECF No. [1] ¶ 75, judgment should not be entered until all of the defendants have defaulted, or until the case has been adjudicated as to all defendants. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("[I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."); 10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2690 (3d ed. 1998); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

Accordingly, Plaintiff's Motion for Reconsideration, **ECF No. [22]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 16, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record