**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-60079-BLOOM/Valle**

PURE FRESH, LLC,

Plaintiff,

v.

LIAISON CAN./U.S. LOGISTICS (USA) CORP., GEORGE SHOIF, YVES D'AMOURS, MARIA DE LUCA, DINO DE LUCA, and TONY GALUPPO,

Defendants.
_______________________________________/

**OMNIBUS ORDER ON MOTIONS TO SET ASIDE DEFAULT**

**THIS CAUSE** is before the Court upon Defendants Yves D'Amours, Maria DeLuca, and Liaison Can./U.S. Logistics (USA) Corp's (collectively, "Defendants") Motions to Set Aside Clerks' Default, ECF Nos. [23], [26] (the "Motions"). Plaintiff Pure Fresh, LLC ("Plaintiff") filed a response in opposition to the Motions, ECF No. [35] ("Response"). The Court has reviewed the Motions and Response, the record in this case and the applicable law, and is otherwise fully advised in the premises. For the reasons set forth below, the Motions are granted.

Plaintiff commenced this case by filing its Complaint, ECF No. [1], in which it asserts claims for violations of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.* ("PACA"), breach of contract, breach of fiduciary duty, and disgorgement. Defendants were served with process. *See* ECF Nos. [8], [9], [10]. When Defendants failed to timely respond to the Complaint, Plaintiff sought and obtained clerk's defaults against them. *See* ECF No. [13]. Thereafter, Plaintiff filed its motion for default judgment with respect to Defendants, ECF No.

[15], which the Court denied without prejudice as premature. *See* ECF No. [16] ("Order"). The Court also denied Plaintiff's motion for reconsideration of the Court's Order. ECF No. [25].

Shortly thereafter, Defendants filed the instant Motions requesting that the Court set aside the Clerk's defaults entered against them.[1] Plaintiff argues that the Court should not set aside the defaults because Defendants have failed to demonstrate sufficient "good cause," or timely move to set aside the defaults, Defendants fail to establish any meritorious defense to Plaintiff's claims, and Plaintiff will be prejudiced if the defaults are set aside primarily through incurring additional attorneys' fees.

Rule 55(c) of the Federal Rules of Civil Procedure provides the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause" is a "mutable" and "liberal" standard, "varying from situation to situation" depending on the facts a given case. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). The good cause standard that is utilized in setting aside an entry of default is less rigorous than the required showing to set aside a default judgment. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). Further, the Eleventh Circuit maintains a "strong policy of determining cases on their merits and [] therefore view[s] defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). In considering whether to set aside a clerk's entry of default, "[c]ourts have considered [1] whether the default was culpable or willful, [2] whether setting it aside would prejudice the adversary, and [3] whether the defaulting party presents a meritorious defense." *Compania Interamericana*, 88 F.3d at 951; *see also S.E.C. v. Johnson*, 436 F. App'x 939, 945 (11th Cir. 2011) (considering "(a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary[;] (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to

[1] Defendants have also filed an Answer and Affirmative Defenses, ECF No. [30] ("Answer").

the defaulting party; and (e) whether the defaulting party acted promptly to correct the default") (internal quotations and citations omitted). "To obtain relief under Rule 55(c), the movant must only make a 'bare minimum showing' to support its claim for relief." *Baker v. Warner/Chappell Music, Inc.*, No. 14-cv-22403, 2015 WL 1534522, at *3 (S.D. Fla. Apr. 6, 2015) (quoting *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988)).

Upon review, Defendants have shown good cause necessary for setting aside the Clerk's default here. First, contrary to Plaintiff's argument, Defendants' default was neither culpable nor willful as those terms are understood in the Rule 55(c) context. "[A] 'party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings.'" *Johnson*, 436 F. App'x at 945 (quoting *Compania Interamericana*, 88 F.3d at 951). By contrast, a brief delay resulting from, as examples, inadvertence or mistake, or confused litigation or case management strategy, will not vitiate good cause. *See, e.g.*, *Lopez v. Colonial Grp. of Am. Corp.*, No. 12-22208-Civ., 2013 WL 1503260, at *2 (S.D. Fla. Apr. 12, 2013) (determining that delay was neither willful nor culpable where defendant moved to vacate sixteen days after entry due to mistaken litigation strategy); *S.E.C. v. Altomare*, No. 14-61196-CIV, 2014 WL 4388614, at *2 (S.D. Fla. Sept. 5, 2014) (considering request for vacatur after two weeks as a "rapid" response, evidencing a lack of culpable disregard for the missed deadlines); *Rodriguez v. Brim's Food, Inc.*, No. 13-cv-20600, 2013 WL 3147348, at *2 (S.D. Fla. June 19, 2013) (motion to vacate default by newly retained counsel eleven days after deadline showed that there was "no willful disregard involved as a reason for their failure to respond"); *Joseph v. Mortgage Experts of S. Fla., Inc.*, No. 12-CV-23884, 2013 WL 2384247, at *2 (S.D. Fla. May 30, 2013) (same, with six-week delay).

Defendants assert that the individual Defendants (who are also the principals of the corporate Defendant) are located in Canada and, as a result of several mistaken assumptions and misunderstandings, Defendants did not timely respond to the Complaint after being served with

process. Nevertheless, upon recognizing their errors in apprehension, Defendants have now retained counsel, who filed the instant Motions less than ten days after being retained. Under these conditions, Defendant's default was not culpable or willful. Moreover, the Court finds, as demonstrated by the affirmative defenses in Defendants' Answer, that the Defendants have potentially meritorious defenses. "[W]ith respect to a meritorious defense, '[l]ikelihood of success is not the measure;' [i]nstead, the movant need only provide 'a hint of a suggestion' that her case has merit." *Griffin IT Media, Inc. v. Intelligentz Corp.*, No. 07-80535-CIV, 2008 WL 162754, at *3 (S.D. Fla. Jan. 16, 2008) (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980); *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969)).

In addition, little prejudice will result from setting aside the Clerk's defaults. First, Plaintiff's argument with respect to incurring additional attorneys' fees lacks merit, especially where additional defendants remain to be served, and most of the Court's judicial labor thus far has resulted from Plaintiff's filings. Second, this case has been pending for a relatively short period of time and discovery has not yet commenced. Therefore, any potential delay in litigation does not constitute prejudice to Plaintiff for present purposes. *See Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009) ("But the inquiry is whether prejudice results from the delay, not from having to continue to litigate the case."); *Suntrust Bank v. Armsey*, No. 09-80606-CIV, 2010 WL 731802, at *2 (S.D. Fla. Feb. 26, 2010) ("Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, [a plaintiff] would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties.") (quoting *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006); *James River Ins. Co. v. SM-Ashley Park, LLC*, No. 3:10-cv-23-J-32TEM, 2010 WL 5092420, at *3 (M.D. Fla. Nov. 16, 2010) ("[T]his case is in its early stages. A scheduling order has yet to be entered and discovery has yet to commence. While it is true Plaintiff

has suffered a delay in the litigation, there is no evidence this delay has resulted in any substantial prejudice to any of the parties. At most, Plaintiff must now proceed to litigate the case it brought in the first place."). By contrast, permitting the defaults to stand and Plaintiff to proceed with default judgment would likely result in significant financial loss to Defendants. *See*, *e.g.*, *Lopez*, 2013 WL 1503260, at *2 (that defendant would suffer significant financial loss weighed in favor of vacating default); *Daytona Tourist Charter Corp. v. Broward Servs. Ltd.*, No. 12-20221-Civ, 2012 WL 3042992, at *2 (S.D. Fla. July 25, 2012) (same); *Domineck v. One Stop Auto Shop, Inc.*, 302 F.R.D. 695, 699 (N.D. Ga. 2014) (same). The Court will permit Defendants to defend against the allegations asserted by Plaintiff in the Complaint.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motions, **ECF Nos. [23], [26]**, are **GRANTED**. Defendants' Answer, ECF No. [30], shall be deemed filed as of the date of this Order.
2. The Clerk of Court is directed to **SET ASIDE** the Clerk's default, **ECF No. [13]**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 29, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record